UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DAWABSHEH FAMILY, ET AL.<br><br>    Plaintiffs,<br><br>v.<br><br>NETANYAHU, ET AL.<br><br>    Defendants. | Case No. 1:20-cv-00555 |

### PLAINTIFF'S REQUEST FOR RELATED CASE DESIGNATION

Pursuant to U.S. District Court for the District of Columbia Local Civil Rule 40.5(a)(3)

Plaintiff's counsel asks the court to designate the instant case as related to *Peled et. al. v. Netanyahu et.al. (* 2017-cv-0260 RBW) which is currently before this court. The court on July 23, 2020 ordered Plaintiffs and Defendants to submit a brief stating their position on whether this case meets the related case definition in Local rules 40.5(3).

In support Plaintiffs offer the following facts:

1. *Peled* (supra) shares several of the same plaintiffs and defendants as the instant case.

2. Israeli Prime Minister Benjamin Netanyahu is a named defendant in both actions which are being litigated in this court.

3. Israeli Ambassador David Freidman is a defendant in both actions.

4. Plaintiffs Linda Kateeb, Bassem Al-Tamimi and Ali Ali are plaintiffs on both cases.

5. Both case related to the same—or strikingly similar—events in the Israeli Occupied Territories of Palestine.

1

6. Each case alleges aiding and abetting war crimes in the Israeli occupied territories against the defendants, i.e. the de - humanization of the Palestinian population. *See In re S. African Apartheid Litig.*, 346 F. Supp. 2d 538 (S.D.N.Y. 2004).

7. Each case seeks the same remedies for the Plaintiffs.

8. What more, there is a substantive similar procedural issue i.e.: can Netanyahu be named? While he shares Prime Minister duties and title he could be ousted any day being subject to three separate grand jury scrutinys in his home country.

9. Furthermore, neither issue has ever been litigated in this jurisdiction and having a senior judge handling the matter makes a lot of sense.

## Legal Standard

Local Civil Rule 40.5, more commonly referred to as the "related case rule," stands as an exception to the general rule of random case assignment. *Tripp v. Exec. Off. of the Pres.*, 194 F.R.D. 340, 342 (D.D.C. 2000).

The rule provides that when a new case is "related" to a case pending before a judge in this district, the new case is assigned to the judge to whom the pending related case has been assigned. LCvR 40.5(c); *see also* John Doe #1 v. Von Eschenbach, 2007 U.S. Dist. LEXIS 41221, 2007 WL 1655881, at *1 (D.D.C. June 7, 2007) (observing that the related case rule embodies the principle that in certain instances, the interests of judicial economy outweigh the fundamental interests served by the random assignment rule).

Civil cases "are deemed related when then the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3). "The party requesting related-case designation and seeking to

avoid random assignment bears the burden of showing that the cases are related under a provision of Local Civil 40.5." *Judicial Watch, Inc. v. Rossotti*, 2002 WL 31100839, at *1 (D.D.C. Aug. 2, 2002). *Autumn Journey Hospice, Inc. v. Sebelius*, 753 F. Supp. 2d 135 (D.D.C. 2010).

**Argument**

These two cases meet the three applicable requirements[1] outlined in Local Rule 40.5(a)(3) which states:

"Civil, including miscellaneous, cases are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent."

The cases satisfy three of the four requirements of Local Rule 40.5(a)(3). The fourth requirement does not apply.

1. Both *Peled* (supra) and the instant case relate to common property: The occupied Palestinian territories.

2. They involve common issues of fact: the actions of the defendants that have imposed an apartheid regime and de-nationalized the Palestinian people.

3. They grow out of the same events: decades of oppression by the Israeli settlers and their enablers against the Palestinian people.

4. This element is not applicable in this case.

---

[1] The fourth requirement is related to patent matters and does not apply here.

Plaintiffs argue that the two cases: the instant case and *Peled* (supra) meet all the applicable requirements of Local Rule 40.5(a)(3) and therefore should be deemed related under the rule.

## Conclusion

Under the rules in Local Rule 40.5(a)(3) the instant case is related to *Peled* (supra) and therefore should be assigned to the same judge.

Respectfully submitted,

/s/ *Martin F. McMahon*
Martin F. McMahon, Esquire
D.C. Bar Number: 196642
Managing Partner, Transnational Business Attorneys Group
1717 K St. NW, Suite 900
Washington, D.C. 20006
202-862-4343

## **CERTIFICATE OF SERVICE**

I certify that on August 5, 2020, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of this filing to all parties registered to receive such notice, including defense counsel.

*/s/ Martin F. McMahon*
Martin F. McMahon, Esq.