# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PERSONAL REPRESENTATIVE OF THE
DAWABSHEH FAMILY *et al.*,

                 Plaintiffs,

      v.

BENJAMIN NETANYAHU *et al.*,

                Defendants.

Case No. 20-cv-555 (DLF)

## DEFENDANTS' MEMORANDUM OF LAW
## REGARDING RELATED-CASE STATUS

Defendants Susan Levin-Abir, Miriam Adelson, AIPAC, Brian Shankman, Howard Kohr, Dov Hikind, and Walid Shoebat respectfully submit this Memorandum of Law in response to the Court's July 23, 2020, order directing the parties to brief whether this case should be deemed "related" to *Peled v. Netanyahu*, No. 17-cv-00260-RBW (D.D.C. Feb. 9, 2017).  As discussed below, the two complaints advance fundamentally different theories and involve different defendants, different claims, and different statutes, and consequently cannot meet the requirements of Local Civil Rule 40.5(a)(3).[1]

## BACKGROUND

Plaintiffs' main contention is that a number of domestic charitable organizations and donors, via constitutionally protected fundraising and lobbying activities, helped the State of Israel form an Israeli governmental policy that allegedly facilitated war crimes in connection with the Israeli-Palestinian conflict.  *See, e.g.*, D.E. 1 ("Dawabsheh Compl.") at 7-11; D.E. 43 at 1, 3. Plaintiffs argue that the alleged war crimes would not have been possible without the weapons and equipment allegedly purchased with funds from those donors, and consequently those organizations and individuals should be held liable.[2]  Dawabsheh Compl. at 9.

---

[1] There is also a third case currently pending in this District concerning the Israeli-Palestinian conflict, brought by several of the same plaintiffs as in this action, and represented by the same counsel:  *Al-Tamimi v. Adelson*, No. 16-cv-00445-TSC (D.D.C.  Mar. 7, 2016).  Plaintiffs did not notice *Al-Tamimi* as a related case, and therefore this Memorandum does not address it in detail, other than to note that it is not related for similar reasons to those here.

If the Court were inclined to find relatedness, however, then it ought to rule that this case is related to *Al-Tamimi*, not *Peled*.  *Al-Tamimi* was filed first, nearly a year before *Peled*.  Given the specter of judge-shopping hanging over all three cases, it would be appropriate to send the case to the judge presiding over the first related matter.

[2] Plaintiffs also include a smattering of allegations against current and former U.S. officials, complaining that they have accepted bribes or taken actions that have violated Americans' First Amendment rights, and allegations that the Prime Minister of Israel is a war criminal.  *See, e.g.*, Dawabsheh Compl. at 6, 8, 11-13.

The complaint in *Peled* also concerns the Israeli-Palestinian conflict, but focuses on actions taken directly by Israeli officials – allegedly in contravention of Israel's *own* policies – rather than on U.S. charitable organizations that were supposedly complicit in creating those policies. The *Peled* plaintiffs allege that certain Israeli officials "faile[d] to properly supervise IDF senior officials who have . . . ordered line soldiers to commit [] war crimes," that those officials improperly converted Palestinian real estate under the guise of implementing government policies, and that they engaged in a $2 billion money-laundering conspiracy with certain of the U.S. defendants in order to "finance the forcible expulsion of all non-Jews." *Peled*, D.E. 1 (Feb. 9, 2017) ("Peled Compl.") at 7, 16. The plaintiffs in *Peled* claim that by virtue of these actions, all of the defendants in that case (besides one accounting firm) aided and abetted the commission of war crimes, violated a number of U.S. and Israeli statutes, and violated U.S. and Israeli tax laws and regulations. The plaintiffs claim that the accounting firm was complicit by blessing the allegedly laundered money as a charitable donation.

## ARGUMENT

### This Case and *Peled* Do Not Meet the Requirements of Relatedness Set Out In Local Civil Rule 40.5(a)(3).

"The principle behind the related case rule is that in certain instances, the strong presumption of random case assignment is outweighed by the interests of judicial efficiency in narrow circumstances, such as when virtually identical and highly overlapping issues of fact are likely to be resolved in two cases." *Comm. on the Judiciary v. McGahn*, 391 F. Supp. 3d 116, 121–22 (D.D.C. 2019). Cases in this District are sufficiently related to serve judicial efficiency only if the earliest case is still pending on the merits, and both cases (i) relate to common property, (ii) involve common issues of fact, (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent. Rule 40.5(a)(3). Finding relatedness and deviating

from the "foundational principle" of random assignment "is appropriate only if the relationship between the two cases is certain." *Dakota Rural Action v. United States Dep't of Agric.*, 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019).  The party who seeks to avoid random reassignment bears the "heavy" burden of showing that the cases are sufficiently related that judicial economy would be served.  *Id.*

Plaintiffs indicated their belief that this case and *Peled* are related for the first three reasons listed in Rule 40.5(a)(3).  *See* D.E. 3 (checking first three boxes for relatedness); D.E. 43 (arguing relatedness based on the first three criteria).  That position is unsustainable, however.  The two cases plainly do not "relate to common property," as neither case concerns any particular real or personal property (and *a fortiori* not the same property).  Rule 40.5(a)(3)(i).  Of course, they do not involve a patent, either.  Rule 40.5(a)(3)(iv).

Nor do the two cases "involve common issues of fact" or "grow out of the same event or transaction."  Rule 40.5(a)(3)(ii), (iii).  While Plaintiffs argue in conclusory fashion that both cases generally concern the Israeli-Palestinian conflict over the so-called Occupied Territories, and allege war crimes, *see* D.E. 43; *see also,* Dawabsheh Compl. ¶¶ 7, 78-79, 356; Peled Compl. at 6-8, 14-16, this simple recitation of the facts in *Peled* is not sufficient to satisfy the heavy burden to establish relatedness.  The test is not whether the two cases "pose similar questions dependent on a similar class of facts," but whether "the *facts dictating the answers* to those questions are common."  *Dakota Rural Action* at *2 (emphasis supplied).

Here, the two cases advance fundamentally different theories that will not be dictated by common facts.  This case concerns whether certain U.S. charitable organizations and donors exercising their First Amendments rights knew that their charitable contributions and lobbying efforts would encourage Israeli policies that would facilitate the commission of war crimes, and

whether there is a "direct link" between those particular contributions and the war crimes alleged. *See supra* at 2; Judgment, *Prosecutor v. Perišić*, Case No. IT-04-81-T (U.N. App. Ch. 2013), ¶¶ 26, 48 (setting out the elements of aiding and abetting liability); *Doe v. Exxon Mobil Corp.*, 527 F. App'x 7 (D.C. Cir. 2013) (remanding a case concerning aiding and abetting liability for further consideration in light of *Perišić*).  By contrast, *Peled* deals with alleged war crimes and conversion of property committed by Israeli officials in contravention of Israeli policies and other laws, whether those officials engaged in a money-laundering conspiracy with several U.S. partners, and whether an accounting firm was complicit in that alleged wrongdoing.  *Supra* at 2-3.  The facts dictating answers to these two sets of questions will not be common.

Even if the cases did advance similar theories, they could not be related because the two sets of defendants are almost completely disjoint.  In order to determine aiding and abetting liability, the factfinder here will need to evaluate each Defendant's *mens rea* and the link between their specific actions and the alleged war crimes.  *See, e.g.*, Dawabsheh Compl. ¶¶ 96–298 (purporting to allege facts regarding the non-*Peled* defendants' "Respective Roles In The Denationalization And Dehumanization Of The Palestinian People").  Those facts will not assist the factfinder in *Peled* unless that Defendant is also a *Peled* defendant.  The same is true with respect to the defendants in *Peled* that are not present here.  Of the nineteen Defendants that Plaintiffs have named in this action, only the Prime Minister of Israel is also a defendant in *Peled*. *See* Dawabsheh Compl. at 1; Peled Compl. at 1.  Similarly, *Peled* names eight defendants who are not present in this action.  This Court regularly finds that cases are not related where the record of each case would contain facts irrelevant to the other, as they would here, and there is no reason for the Court to deviate from that precedent.  *See, e.g.*, *G.Y.J.P. by & through M.R.P.S. v. Wolf*, 2020 WL 4192490, at *2 (D.D.C. July 21, 2020); *McGahn*, 391 F. Supp. 3d at 120 (same).

Furthermore, this case and *Peled* assert different claims, which alone is sufficient for this Court to find the cases do not "involve common issues of fact" or "grow out of the same event or transaction." *See McGahn*, 391 F. Supp. 3d at 121 (cases not related because "[m]ost obviously, these cases involve different claims" (internal quotations omitted)); *Lucas v. Barreto*, 2005 WL 607923, at *3 (D.D.C. Mar. 16, 2005) (same).[3]   The two complaints share only one of their ten combined claims, which is not sufficient for a finding of relatedness.

Finally, this case and *Peled* seek relief under different statutes, which this Court has also found sufficient to find cases are unrelated.[4]  *Trump v. Comm. on Ways & Means, U.S. House of Reps.*, 391 F. Supp. 3d 93, 96 (D.D.C. 2019).

## Conclusion

For the reasons discussed above, the Court should find that this case and *Peled* do not meet the requirements of relatedness set out in Local Civil Rule 40.5(a)(3).

---

[3] *Peled* asserts claims for (i) "civil conspiracy to arm and train foreign militia," (ii) "aiding and abetting the commission of war crimes, crimes against humanity, and genocide in violation of the law of nations," (iii) "reckless supervision of senior IDF personnel," (iv) "aiding and abetting income tax fraud," (v) negligence, and (vi) conversion.  Peled Compl. ¶¶ 85-109, 110-137, 138-160, 161-171, 172-174, 175-180.  Claims (iii)-(vi) are asserted only against either Israeli defendants (Tzipi Livini, Ehud Barack, and Avigdor Lieberman) or Billet, Feit & Price, P.C., none of whom are Defendants in this action.  *See id.* ¶¶ 138-160, 161-171, 172-174, 175-180. Similarly, Plaintiffs assert a claim for aiding and abetting genocide exclusively against Defendants not present in *Peled*.  *See* Dawabsheh Compl. ¶¶ 392-403 (asserting claim against David Friedman, Jason Greenblatt, Jared Kushner, and Donald Trump).

[4] Plaintiffs here assert claims based on the Torture Victims Protection Act, 28 U.S.C. § 1350, which is not a basis for the claims in *Peled*; while the plaintiffs in *Peled* assert claims based on the Justice Against Sponsors of Terrorist Terrorism Act, Public Law 114-222, which is not a basis for the claims here.  Dawabsheh Compl. ¶ 5; Peled Compl. ¶ 6.

Respectfully,


PROSKAUER ROSE LLP

By:  /s/ Mark D. Harris

Mark D. Harris (D.C. Bar No. 445900)
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
mharris@proskauer.com

Jennifer E. Tarr (D.D.C. Bar No. IL0028)
1001 Pennsylvania Ave. NW, Suite 600 South
Washington, DC 20004-2533
Tel: (202) 416-6846
Fax: (202) 416-6899
jtarr@proskauer.com


*Counsel for Defendant Susan Levin-Abir*


THE BERKMAN LAW OFFICE, LLC

By:  /s/ Robert J. Tolchin
*/Signature with Permission*

Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
Tel: (718) 855-3627
Fax: (718) 504-4943
rtolchin@berkmanlaw.com

*Counsel for Defendant Walid Shoebat*

RIVKIN LAW GROUP PLLC

By:  /s/ Oleg Rivkin
*/Signature with Permission*

Oleg Rivkin, Esq.
800 Third Avenue, Suite 2800
New York, New York 10022
Tel: (212) 231-9776
or@rivkinlawgroup.com

*Counsel for Defendant Walid Shoebat*

AIPAC

By:  */s/* Rachel Hirsch
*/Signature with Permission*

Rachel Hirsch (Bar No. 991122)
251 H Street, NW
Washington, D.C. 20001
Tel: (202) 639-5248
Fax: (202) 638-6349
rhirsch@aipac.org

*Counsel for Defendants, AIPAC, Howard Kohr, and Brian Shankman*

FRIEDMAN LAW OFFICES PLLC

By:  */s/* Philip Friedman
*/Signature with Permission*

Philip Friedman (Bar No. 421854)
2001 L Street NW, Suite 400
Washington, DC 20036
Tel: (202) 293-4175
Fax: (202) 381-0395
psf@consumerlawhelp.com

*Counsel for Defendants, AIPAC, Howard Kohr, and Brian Shankman*

FOLEY & LARDNER LLP

By:  */s/* Barry G. Felder
*/Signature with Permission*

Barry G. Felder (Bar No. 307736)
90 Park Avenue
New York, New York 10016
Tel: (212) 338-3540
Fax: (212) 687-2329
bgfelder@foley.com

Michael J. Tuteur (Bar No. D00202)
111 Huntington Avenue, Suite 2500
Boston, Massachusetts 02199
Tel: (617) 342-4016
Fax: (617) 342-4001
mtuteur@foley.com

*Counsel for Defendant Miriam Adelson*

AMERICAN CENTER FOR LAW AND JUSTICE

By:  */s/* Benjamin P. Sisney
*/Signature with Permission*

Benjamin Paul Sisney
201 Maryland Avenue, N.E.
Washington, D.C. 20002
Tel: (202) 546-8890
Fax: (202) 546-9309
bsisney@aclj.org

Mark Goldfeder
201 Maryland Avenue, N.E.
Washington, D.C. 20002
Tel: (202) 546-8890
Fax: (202) 546-9309
goldfed@gmail.com

*Counsel for Defendant Dov Hikind*