## APPENDIX A

## LACK OF PERSONAL JURISDICTION

**I.      The Complaint Fails to Establish Personal Jurisdiction Over Dr. Miriam Adelson**

Plaintiffs allege that Dr. Miriam Adelson is domiciled in Nevada. (Compl. ¶ 19.) Plaintiffs do not allege that Dr. Adelson has contacts with the District that "are so constant and pervasive as to render [her] essentially at home in the forum state." *Duarte v. Nolan*, 190 F. Supp. 3d 8, 12 (D.D.C. 2016) (citation omitted). Consequently, Dr. Adelson is not subject to general jurisdiction in the District.

The Complaint also fails to allege any basis for exercising specific personal jurisdiction over Dr. Adelson. The Complaint alleges generally that the donor Defendants, including Dr. Adelson, donated money to U.S. tax- exempt entities that, in turn, provided funds to the IDF and settlements in Israel (Compl. p.5, 9 ¶¶ 19, 25, 86, 100, 140, 282) and that Dr. Adelson generally advocated in favor of West Bank settlements (*id.* ¶ 19, 100, 177). The Complaint does not allege that any such donation occurred in the District of Columbia, nor does it allege any other claim-related conduct in or directed to the District of Columbia.

Indeed, the sole activities in which Dr. Adelson is specifically alleged to have engaged in the District are occasional attendance at AIPAC annual meetings, where "pro-occupation 501(c)(3)s" allegedly had the "opportunity" to "mingle" with her. *Id.* ¶ 13. These conclusory allegations, which bear no connection to any injury allegedly incurred by any Plaintiff, are insufficient to subject Dr. Adelson to personal jurisdiction in this District.

**II.     The Complaint Fails to Establish Personal Jurisdiction Over Dov Hikind**

Plaintiffs do not allege that Mr. Hikind is domiciled in D.C., nor that he has any contacts with the District whatsoever, let alone contacts that "are so constant and pervasive as to render [him] essentially at home in the forum state." *Duarte*, 190 F. Supp. 3d at 12 (citation omitted).

Consequently, Mr. Hikind is not subject to general jurisdiction in the District. The Complaint also fails to allege any basis for exercising specific personal jurisdiction over Mr. Hikind. The sole activities in which Mr. Hikind is specifically alleged to have engaged in the District are a) the filing of tax returns with the IRS, and b) alleged attendance at one or more AIPAC events in the last twenty years. Even if true these actions would be wholly insufficient to subject him to personal jurisdiction in this District.

### III. The Complaint Fails to Establish Personal Jurisdiction Over Susan Levin-Abir

#### A. The Complaint Fails to Allege Personal Jurisdiction Over Ms. Levin-Abir

The Complaint fails to allege facts sufficient to find that the Court has general or specific personal jurisdiction over Ms. Levin-Abir. In particular, it fails to allege that Ms. Levin-Abir maintains "sufficiently systematic and continuous contacts" with the District of Columbia (the "District") that "are so constant and pervasive as to render [her] essentially at home in the forum state" sufficient to establish general personal jurisdiction over her there. *See, e.g.*, *Duarte*, 190 F. Supp. 3d at 12-14.

Indeed, the only allegations that the Complaint makes about Ms. Levin-Abir relate to her contacts with the state of Florida. It alleges that she is "domiciled in Florida," is the "Executive Director of Friends of the Israeli Defense Forces for the Palm Beach/Broward community in Florida," and fundraises "in the Florida area." Compl. ¶¶ 11, 41, 286. It does not contain any allegations that she lives or maintains a principal place of business in the District, that she conducts business in the District, or that she has any contacts (systematic and continuous or otherwise) in the District. As such, the Complaint does not establish general personal jurisdiction over Ms. Levin-Abir. *See, e.g.*, *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]").

A-2

Likewise, the Complaint does not allege facts sufficient to support the exercise of specific personal jurisdiction over Ms. Levin-Abir. As discussed above, it does not allege that she transacts (or has ever transacted) business in the District, nor does it allege that she possesses property in the District, supplies services in the District, or has undertaken any activities connected to the District, much less those necessary to establish specific personal jurisdiction. Indeed, *none* of the specific allegations against Ms. Levin-Abir involve conduct in the District—rather, they focus solely on her current and future fundraising for FIDF in Florida. *See, e.g.*, Compl. ¶¶ 11, 13.[1]

It is not surprising that Plaintiffs are unable to make adequate allegations about her contacts with the District. Ms. Levin-Abir is FIDF's chief fundraiser in the Palm Beach, Florida area, and performs her duties primarily there. As her declaration states, she does not raise funds in Washington, D.C. and conducts no business there. *See generally* Declaration of Susan Levin-Abir, attached as Ex. A to the Harris Decl., ¶¶ 6, 11, 12. The contacts required to support personal jurisdiction simply do not exist.

The only allegations in the Complaint that even arguably try to link Ms. Levin-Abir to the District are vague and generalized assertions that at "all Defendants" (1) took part in non-specific meetings or events "in this judicial district and elsewhere in the United States," (2) filed fraudulent tax returns "by sending in returns to the IRS main office in Washington, D.C. and IRS regional offices," and (3) "attended one or more" functions hosted by AIPAC (an organization headquartered in the District) in "the past 20 years." *See* Compl. ¶¶ 4(e), 12, 13.[2] Not only are

---

[1] The Complaint contains two paragraphs numbered 13; here, the second iteration of ¶ 13 is being cited. *See* Compl. at 20.

[2] Again, the second iteration of ¶ 13 is being cited here.

these group-pleaded and vague allegations insufficient to confer specific personal jurisdiction for the reasons explained in Defendants' memorandum in support of their omnibus motion to dismiss, but they fail for several additional reasons particular to Ms. Levin-Abir.

First, none of the group-pleaded allegations actually links Ms. Levin-Abir to an action in the District. Tellingly, the Complaint is careful to note that Defendants' alleged actions could have taken place in the District *or elsewhere*. *See* Compl. ¶¶ 4(e) (alleging that Defendants took part in meetings "in this judicial district and *elsewhere in the United States*") (emphasis added), 12 (alleging that Defendants filed fraudulent tax returns with the main branch of the IRS "*and IRS regional offices*" (emphasis added)), 13 (stating that Defendants attended parties hosted by AIPAC, a D.C.-based non-profit, without specifying the location of such parties).

Second, even assuming that the Complaint intended to allege that Ms. Levin-Abir attended meetings or functions in the District, it fails to allege any facts establishing that Plaintiffs' injuries in the West Bank and Gaza "ar[o]se[] out of or relate[d] to" her alleged attendance at any such meeting or party in the District. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 463 (1985). *See also, e.g.*, *Estate of Manook v. Research Triangle Inst., Int'l & Unity Res. Grp., L.L.C.*, 693 F. Supp. 2d 4, 13 (D.D.C. 2010) (claims failed to satisfy the D.C. long-arm statute where the tortious acts alleged occurred in Iraq and "[p]laintiffs ha[d] alleged no legitimate and substantial connection between the acts that occurred in Iraq and this District to form a basis for jurisdiction").

Third, even assuming that the sparse allegations connecting "all" Defendants to an unspecified number of meetings or functions in the District could satisfy the D.C. long-arm statute (they cannot), subjecting Ms. Levin-Abir to this Court's jurisdiction would violate her Due Process rights. Nothing in the Complaint suggests that she has sufficient contacts with the

District such that she could "reasonably anticipate being haled into court there." *Thompson Hine, LLP v. Taieb*, 734 F.3d 1187, 1189 (D.C. Cir. 2013). *See also, e.g.*, *H Schwartz v. CDI Japan, Ltd.*, 938 F. Supp. 1, 5 (D.D.C. 1996) ("random, fortuitous, or attenuated contacts" are insufficient to establish specific personal jurisdiction).

Accordingly, the Court should find that it lacks personal jurisdiction over Ms. Levin-Abir.

### B. Repleading Would Be Futile, as Ms. Levin-Abir Lacks Sufficient Contacts With the Forum to Support a Finding of Personal Jurisdiction

Amending the Complaint would not solve these jurisdictional deficiencies, as Ms. Levin-Abir is domiciled in Florida, conducts her business in Florida, and has no meaningful contacts with the District of Columbia. *See generally* Levin-Abir Decl. ¶¶ 4-8 (stating among other things that Ms. Levin-Abir has never lived in the District, owns no property in the District, conducts no business in the District, and has no personal or business contacts in the District).

Given Ms. Levin-Abir's complete lack of contact with the District, Plaintiffs cannot allege any set of facts that would provide this Court with personal jurisdiction over her. As such, the case against her should be dismissed with prejudice under Rule 12(b)(2). *See, e.g.*, *Queen v. Schmidt*, No. 10-cv-2017 (PLF), 2016 WL 2757359, at *1 (D.D.C. May 12, 2016) (dismissal with prejudice is appropriate where an opportunity to replead would be futile); *cf. Osborn v. Visa Inc.*, 797 F.3d 1057, 1062 (D.C. Cir. 2015) (noting that the "principle guiding a dismissal without prejudice is that *absent futility* …, a plaintiff should have the opportunity to replead so that claims will be decided on merits rather than technicalities" (emphasis added)).

## IV. The Complaint Fails to Establish Personal Jurisdiction Over Walid Shoebat

The sum total of the jurisdictional allegations against Defendant Shoebat is that he is "a U.S. citizen," (Compl. at 15 ¶ 3(a)); that he has "transacted some [unspecified] business or

contracted to provide some [unspecified] services in this jurisdictional district during the last 20 years" (Compl. at 18, ¶ 8); and that he has "planned on U.S. soil for at least thirty years how to denationalize Palestinian population" (Compl. at 18, ¶ 11). The only remotely geographically specific allegation in the Complaint against Shoebat is that he has been "convincing first responders in North and South Dakota and Iowa that they need to be on the alert for Muslim terrorists." Compl. at 129, ¶ 291). Presumably, this "convincing" took place in Iowa and the Dakotas.

Conducting "some business" in this District "within the past 20 years," even if it were true, is obviously not an allegation of the type of "pervasive" contact that would render Shoebat "essentially at home in the forum state." *Duarte*, 190 F. Supp. 3d at 12 (citation omitted). Consequently, Shoebat is not subject to general jurisdiction in the District of Columbia.

Nor are the allegations sufficient by a mile for assertion of specific jurisdiction over Defendant Shoebat. The requirement that plaintiff "allege specific acts connecting [the] defendant with the forum," *First Chicago Int'l v. United Exch. Co., Ltd.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988), is not met by an allegation that sometime within the last 20 years Shoebat has provided some services in the District of Columbia, with no explanation of what these "services" were, or how these "services" gave rise to the claims asserted by the Plaintiffs or connected to their alleged injury in any way. *Eggink v. Trump*, 257 F. Supp. 3d 27, 29 (D.D.C. 2017). This is precisely the type of bare "conclusory allegation" that fails on its face to establish personal jurisdiction. *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003).