**APPENDIX B**

**INSUFFICIENT SERVICE OF PROCESS**

**I.       Plaintiffs Have Failed to Serve Dr. Miriam Adelson**

On May 26, 2016, Plaintiffs' counsel sent the Summons and Complaint, by certified mail, return receipt requested, to Dr. Adelson at the address of the Sands Expo and Convention Center: 201 Sands Avenue, Las Vegas, Nevada.[1]  ECF No. 10.  Although the Court required that service be completed by May 25, 2020, the package was delivered to the front desk/reception area on May 29, 2020 and signed for by a person whose name begins with "G."  *Id.*  Plaintiffs filed an affidavit of service, purporting to have served Dr. Adelson, on June 11, 2020.  ECF Nos. 10-1, 11-1.

Plaintiffs do not claim to have served Dr. Adelson herself. Nor do they claim that they served a person of suitable age and discretion at her "dwelling" or "usual place of abode."  On the contrary, Plaintiffs mailed the Summons and Complaint to an exhibition and convention center where they do not allege Dr. Adelson resides.[2]  Nor do Plaintiffs allege or demonstrate that anyone authorized to accept service on behalf of Dr. Adelson signed the return receipt.

Thus, service on Dr. Adelson was insufficient, and the Complaint must be dismissed.

**II.      Plaintiffs Have Failed to Serve AIPAC, Howard Kohr and Brian Shankman**

Defendants AIPAC, Howard Kohr, and Brian Shankman move to dismiss Plaintiffs complaint under Rule 12(b)(5) for insufficient service of process.  Absent proper and effective service, this court lacks power to assert personal jurisdiction over these Defendants.  *See Mann v.*

---

[1] *See* Declaration of Barry Felder, Ex. A.
[2] Plaintiffs should also have been aware that the business to which they sent the mailing was closed due to the COVID-19 pandemic.  *See* Julie Creswell, "A Socially Distanced Las Vegas? What Are the Odds," NY TIMES (May 26, 2020), *available at* https://www.nytimes.com/2020/05/26/business/coronavirus-las-vegas-casinos.html.

*Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012).  The responsibility for effectuating proper service on the Defendants in the time prescribed by Rule 4(m) falls squarely on Plaintiffs and should not be regarded as a "mindless technicality."  *See Williams v. Geico Corp.*, 792 F. Supp.2d 58, 65 (D.D.C. 2011) (internal quotation and citation omitted).  Here, Plaintiffs have failed to effect service on these Defendants and have misrepresented to the Court the timing by which they claim such service was purportedly made.

In their First Status Report to the Court, filed on May 26, 2020, Plaintiffs purported to have served 16 domestic defendants, which included Defendants AIPAC, Howard Kohr, and Brian Shankman. *See* ECF No. 8.  Plaintiffs, however, misrepresented to the Court the timing of the purported service.  The UPS tracking documents attached in support of  Plaintiffs' Returns of Service for all three of these Defendants indicate that the envelopes containing the Complaint were not mailed or processed until May 27, 2020—two days after the date by which this Court ordered Plaintiffs to effectuate service on the defendants (*see* April 28, 2020 Minute Order).  *See* ECF Nos. 14, 15, 17.

With respect to Defendant AIPAC, the signed return receipt attached to its Return of Service indicates that the mailing was signed for by an individual named Ford.  *See* D.E. #15. The UPS tracking document similarly shows that the delivery was received by AIPAC's front desk/mailing room.  In the affidavit accompanying the Return of Service, Plaintiffs fail to provide any details demonstrating that this signatory "meets appropriate qualifications for receipt of process" pursuant to D.C. Super. Ct.  Rule 4(l)(1), that the signatory serves as "an officer, managing or general agent, or an agent authorized to accept service" pursuant to D.C. Super. Ct.

Rule. 4(h),[3] or that the mailing was addressed to the intended recipient—i.e. AIPAC.  *See* ECF No. 15-2; *see also Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries*, 288 F.R.D. 230, 256 (D.D.C.2013).  Rather, the affidavit simply lumps together all 16 defendants, whom Plaintiffs claimed were served on May 26, 2020, and makes the unsubstantiated claim that these defendants were "mailed copies of the Court Summons and complaint, satisfying Fed. R. Civ. P. 4."  *See* ECF No. 15-2.  Simply delivering a copy of the Complaint to a front desk/mail room does not constitute effective service of a corporation. *See Williams*, 792 F. Supp. 2d at 65-66 (quoting *Taylor v. Stanley Works*, No. 4:01-CV-120, 2002 WL 32058966, at *5 (E.D. Tenn. July 16, 2002) ("Service of a federal lawsuit is a vitally important matter that is not entrusted to low level employees who may not know what action must be promptly taken to defend and protect the corporation's legal interests.")); *see also Mantis v. Cult Awareness Network*, No. 92-2240, 1993 WL 62176, at *1 (D.D.C. Aug. 1, 2008) (finding insufficient service of process on corporation when summons and complaint left at receptionist's desk).

With respect to individual Defendants Howard Kohr and Brian Shankman, Plaintiffs also failed to effectuate service on them by mailing copies of the Complaint to AIPAC's headquarters in the District of Columbia.  *See* ECF No. 15-2, respectively.  In the affidavits attached to the Returns of Service, Plaintiffs fail to proffer any details demonstrating that either Defendant Kohr or Defendant Shankman were present in the office when the mailing was received.  *See id.*  In fact, with respect to Defendant Shankman, the return receipt attached to Plaintiffs' Return of Service indicates that the mailing was also signed for by an individual named Ford, not by Defendant Shankman himself.  *See* ECF No. 14-1.  The UPS tracking document serving as

---

[3] The affidavit also fails to provide any detail as to whether Plaintiffs attempted to effect service on AIPAC's registered agent in the District of Columbia.

Plaintiffs' Return of Service also reflects that the Complaint was delivered to and received by AIPAC's front desk/mail room.  As for Defendant Kohr, Plaintiffs fail to even include a signed return receipt that would demonstrate compliance with District of Columbia's certified mailing rule.  *See* D.C. Super. Ct. Rule 4(c); *see* ECF No. 15.  The UPS tracking document attached for Defendant Kohr similarly indicates that the Complaint was delivered to and received by AIPAC's front desk/mail room.  Accordingly, Plaintiffs cannot satisfy their burden of establishing valid of service of process because neither Defendant Kohr nor Defendant Shankman were served personally nor were they served by leaving copies of the Complaint at their "dwellings or usual places of abode."  *See* D.C. Super. Ct. Rule 4(1)(2).

For these reasons, this Court should dismiss the Complaint as against Defendants AIPAC, Kohr, and Shankman pursuant to Rule 12(b)(5) for insufficient service of process.

### III.     Plaintiffs Have Failed to Serve Susan Levin-Abir

The Complaint against Ms. Levin-Abir should also be dismissed for insufficient service of process.  On May 26, 2020, a representative of Plaintiffs mailed a package containing a Court Summons and the Complaint to Ms. Levin-Abir at "2815 N. Flagler Dr., West Palm Beach, FL 33407."  *See* ECF 13, 13-1, 13-2.  This attempt at service is insufficient for at least three reasons.

First, Ms. Levin-Abir does not reside at 2815 N. Flagler Drive, nor is it her usual place of abode.  *See* Declaration of Susan Levin-Abir, attached as Ex. A to the Harris Decl., ¶¶ 1, 2.  Rather, 2815 N. Flagler Drive turns out to be the address of Temple Beth El, a synagogue.  *See* Declaration of Mark Harris, Ex. B.  Not surprisingly, she never received the Summons or Complaint.  *See* Levin-Abir Decl. ¶ 13.  As service by mail is proper only when an individual is served at their dwelling or usual place of abode, Plaintiffs' attempt to serve Ms. Levin-Abir by mailing the Summons and Complaint to a synagogue is insufficient.  *See* Fed. R. Civ. P. 4(e);

D.C. Super. Ct. R. Civ. P. 4(c) (setting forth requirements for service by mail in the District of Columbia); Fla. Stat. Ann. § 48.031 (setting forth requirements for service in Florida).

Second, the proof of service filed by Plaintiffs' counsel shows that the return receipt was not signed by anyone, much less Ms. Levin-Abir or someone authorized to accept service on her behalf. *See* ECF 13-1.  The USPS tracking information for the document likewise does not indicate that an appropriate party received the documents, stating only that the "item was delivered to an individual at the address." *See* ECF 13.  Even if Plaintiffs were permitted to serve Ms. Levin-Abir by mailing the Summons and Complaint to a random synagogue (they are not), service would still be improper due to the lack of a signed receipt or any other evidence of personal delivery to Ms. Levin-Abir. *See* D.C. Code Ann. § 13-431(b) ("When service is made by mail, proof of service shall *include a receipt signed by the addressee* or other evidence of personal delivery to the addressee satisfactory to the court." (emphasis added)); D.C. Super. Ct. R. Civ. P. 4 (same); *see also Anderson v. Gates*, 20 F. Supp. 3d 114, 122-23 (D.D.C. 2013) (holding service on individual via certified mail to a business address insufficient where plaintiff offered no proof that the defendant himself signed the return receipt).

Third, Plaintiffs' attempted service was untimely.  The tracking information filed by Plaintiffs' counsel indicates that the Summons and Complaint were delivered to Temple Beth El on May 29, 2020, *see* ECF 13, three days after the May 26, 2020 deadline for effectuating service under the Federal Rules. *See* Fed. R. Civ. P. 4(m).  Plaintiffs then delayed filing proof of service on the docket multiple times.  As discussed in Defendants' Memorandum in Support of their Omnibus Motion to Dismiss the Complaint, there is no good cause for the delay, and the Court should not extend Plaintiffs any additional time to complete service on Ms. Levin-Abir. *See, e.g.*, *Garlington v. D.C. Water & Sewer Auth.*, 62 F. Supp. 3d 23, 28 (D.D.C. 2014)

(dismissal warranted where plaintiff "engaged in a pattern of dilatory conduct" and disregarded court-ordered deadlines to ensure compliance with Rule 4(m)).

IV.     **Plaintiffs Have Failed to Serve Walid Shoebat**

On June 12, 2020, Plaintiffs filed what they claim to be proof of service on Walid Shoebat. (ECF 18).  The filing consists of an Affidavit of Service and a USPS Tracking document.  The affidavit states as to Defendant Shoebat that he was "mailed copies of the Court Summons and Complaint, satisfying Fed. R. Civ. P. 4." The USPS document appears to state that something was mailed to some unnamed person at some unspecified address in San Antonio, Texas, and was left at that unspecified location at "the front desk, reception area or mail room at 9:50 am on May 29, 2020," which is after the May 25, 2020, deadline for service set by the Court. This is the totality of Plaintiff's "proof" that Defendant Shoebat was served.[4]

The purported service on Shoebat fails to satisfy any of the requirements of D.C. Super. Ct. Rule 4(c). Nothing in the filing indicates that the Summons and Complaint was mailed "by certified or registered mail, return receipt requested."  Nothing has been submitted to the Court to show that Shoebat – or anyone else – signed a return receipt. The absence of even the address to which the Summons and Complaint were allegedly mailed (or even the name of the addressee) obviously fails to satisfy the "dwelling house or usual place of abode" requirement.  Indeed, the language in the USPS Tracking document that the mailing was delivered to the "front desk,

---

[4] In a prior filing on May 26 (Status Report; ECF No. 8), Plaintiffs included what were purported to be certified receipt stickers, undated, and, as evident from the lack of any Post Office stamp, unsent. Among these was a sticker purporting to be for Shoebat, addressed to 1150 N. Loop 1604 W, No. 108-270, San Antonio, Texas. Even assuming that this sticker covers the Summons and Complaint that was later mailed, (a) there is no indication that the mailing included the requisite return receipt (and Plaintiffs have not submitted any such proof), and (b) a Google search of the address clearly shows this to be a business location, not a "dwelling place or usual place of abode." Also, importantly, the fact that, as of the date of the filing of the Status Report on May 26, the letter (if it existed) had not yet been sent clearly indicates that Plaintiffs had not complied with the May 25 deadline for service of process.

reception area or mail room," indicates that whatever the location in San Antonio was, it was not a residential, but a business establishment of some sort, and therefore not a "dwelling place or place of abode." In sum, Plaintiffs' purported service on Defendant Shoebat is defective at best and nonexistent at worst.