UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PERSONAL REPRESENTATIVE OF THE
DAWABSHEH FAMILY, *et al.*,

    *Plaintiffs*,

    v.

BENJAMIN NETANYAHU, *et al.*,

    *Defendants.*

No. 20-cv-0555 (DLF)

**ORDER**

    Before the Court are defendant Andrew Cuomo's ("Cuomo") Motion to Dismiss, Dkt. 42, and defendants Miriam Adelson, AIPAC, Donald Hikind, Howard Kohr, Susan Levin-Abir, Brian Shankman, and Walid Shoebat's ("the private defendants") Motion to Dismiss, Dkt. 51. For the reasons that follow, the Court will dismiss the complaint.

    Cuomo raises several grounds for dismissal, including ineffective service of process. Dkt. 42 at 1–2. The private defendants also contend that the complaint should be dismissed for ineffective service and because the complaint's "excessively long, rambling, . . . [and] irrelevant . . . material" fails to "give fair notice of the claim[s] being asserted" as required by Federal Rules of Civil Procedure 8. Dkt. 51 at 15–16.

    Rule 8 requires that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction" and "(2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). Rule 8(d)(1) further specifies that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken

together, Rules 8(a) and [8(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules, *Ciralsky*, 355 F.3d at 669 (internal quotation marks omitted), and "Rule 41(b) authorizes the court to dismiss either a claim or an action because of plaintiff's failure to comply with the Federal Rules," *Townsend v. United States*, 236 F. Supp. 3d 280, 290 n.3 (D.D.C. 2017) (internal quotations marks omitted).

These requirements are "more than simply a matter of aesthetics." *Ciralsky*, 355 F.3d at 669 (noting that the district court's dismissal of a 119-page complaint was not an abuse of discretion). Instead, Rule 8 ensures that defendants receive "fair notice of the claim being asserted" so that they can prepare "a responsive answer" and "an adequate defense and determine whether the doctrine of res judicata is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). It also ensures that the complaint does not "place[] an unjustified burden on the court . . . to select the relevant material from a mass of verbiage." *Ciralsky*, 355 F.3d at 669 (internal quotation marks and citation omitted). A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8's] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (internal quotation marks omitted).

Here, the plaintiffs' statement of their claims is neither "short" nor "plain." The complaint itself is 175 pages and has another five pages of exhibits. *See generally* Compl., Dkt. 1. The plaintiffs allege repetitive and "scattershot assertions of fact that are not clearly or properly aligned with the myriad legal claims." *See Jiggetts*, 319 F.R.D. at 414. For instance,

the complaint contains dozens of pages of rambling and seemingly irrelevant material, including a general recounting of the beginnings of the Zionist movement, Compl. at 46–48, descriptions of speeches given by Cuomo's father regarding the Apartheid regime in South Africa, *id.* at 85, a table detailing the reprehensible conduct of Nazi Germany, *id.* at 41, and a broad history of the Israel-Palestine peace process, *see id.* at 61–62. Elsewhere, the complaint details factual allegations of harms caused by unnamed assailants against unnamed individuals, rendering any discernable claim virtually unintelligible. *See, e.g.*, *id.* ¶¶ 93–95, 114–115. Dozens of other pages of factual recitation appear entirely unrelated to any alleged harm at all. *See, e.g.*, *id.* ¶ 43 ("Senator Mitch McConnell is not named herein as a Defendant but should be. . . . He is the Senate majority leader and he wields enormous power and has spent time and energy ensuring the demise of the two-state solution."); *id.* ¶ 120 ("One hundred years ago, Mark Twain wrote about his visit to the state of Palestine, and Lowell Thomas did the same fifty years ago."); *id.* ¶ 242 (complaining that President Trump "has maligned a Black Baltimore District as a 'rat and rodent infested territory,' effectively destroying the reputation of deceased Elijah Cummings"). Critically, despite this lengthy exposition, the plaintiffs fail to specify who injured them, how the defendants are connected to those individuals, when the harm occurred, or where it occurred. Indeed, several named plaintiffs are not even mentioned in the complaint other than in the caption, and the plaintiffs provide no information as to their nationality.

      The plaintiffs' legal claims are no clearer. In addition to seeking a declaration that the sitting prime minister of Israel has committed war crimes and an injunction prohibiting the implementation of a U.S.-sponsored peace plan,[1] *see id.* at 168, 174, the plaintiffs state that they

---

[1] In their opposition, the plaintiffs suggest that these claims should be stayed or dismissed without prejudice. *See* Dkt. 56 at 35–36. Because the Court dismisses the complaint for failure to comply with Rule 8, it need not address the plaintiffs' request for a stay.

bring claims under the Alien Tort Statute ("ATS") and the Torture Victim Protection Act ("TVPA"). *See id*. at 4–5. But plaintiffs offer no clarifying distinction between their ATS and TVPA claims, nor do they state which defendants are alleged to have violated which statute or clearly state what law of nations those defendants sued under the ATS allegedly violated. And at various points, the complaint also suggests the plaintiffs may intend to bring a First Amendment claim, *see, e.g.*, *id*. at 19, 23, 25, as well as claims for state tort law under diversity jurisdiction, *see id.* at 5, 14. The plaintiffs also generally allege that conduct by various defendants violates several Executive Orders, *see, e.g.*, *id.* at 11, and "eight separate criminal statutes," *id.* at 49. "The fact that there are multiple legal theories smooshed into each of the counts merely muddles matters. . . ." *Jiggetts*, 319 F.R.D. at 417. And when coupled with the fact that the complaint is "unnecessarily detailed and lengthy" and "contains irrelevant and confusing material," the defendants are correct that it "lacks sufficient clarity to give fair notice of the claims raised and their basis." *See id.* at 414; *see also Ciralsky*, 355 F.3d at 669 (striking a 119-page complaint that contained 367 numbered paragraphs").

The complaint thus fails to meet the pleading standards set forth in Rule 8(a). Because of these deficiencies, the Court will dismiss the complaint. Although the defendants seek a dismissal with prejudice, the Court will grant the plaintiffs one final opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure. *See Jiggetts*, 319 F.R.D. at 413–14 (explaining that a court should dismiss with prejudice for pleading deficiencies only when "amended pleadings already have been filed with no measurable increase in clarity" (internal quotation marks omitted)).

The Court also agrees that, at the very least, the plaintiffs have failed to prove effective service as to Cuomo and six of the private defendants.[2]  Plaintiffs attempted to serve Cuomo by certified mail at the New York State Executive Mansion.  But neither the Federal Rules of Civil Procedure nor District of Columbia law permit service upon a state or local government official by certified mail unless authorized by the defendant state's law.[3]  *See* Fed. R. Civ. P. 4(j); D.C. Super Ct. R. Civ. P. 4(c)(4), 4(j)(2).  And though New York does permit service by certified mail in suits against officers in their official capacities, the plaintiffs have clearly failed to follow procedures required by New York law.  *See* N.Y. C.P.L.R. § 307(2); *In re Randolph v. Office of the N.Y. State Comptroller*, 168 A.D.3d 1195, 1196 (N.Y. App. Div. 2019).

The plaintiffs have also failed to prove service as to the objecting private defendants. The plaintiffs did not mail copies of the summons and complaint to the defendants' home addresses, but instead mailed them to AIPAC's corporate headquarters, a convention center in Las Vegas, a synagogue in Florida, and an unidentified address in San Antonio.  *See* Dkts. 14-1, 18, 51-4, 51-5.  The combined affidavit of service alleges no information as to who signed the return receipts or whether they were authorized to receive service, *see, e.g.*, Dkt. 18-1; the return receipt for defendant Levin-Abir is not signed, *see* Dkt. 13-1; and the plaintiffs have failed to even file copies of return receipts for defendants Shoebat and Kohr, *see* Dkts. 17, 18; *see also Lemma v. Hispanic Nat'l Bar Ass'n*, 318 F. Supp. 3d 21, 25–26 (D.D.C. 2018) (explaining that the plaintiff failed prove effective service when he did not "proffer[] evidence" that certified mail

---

[2] These defendants are Miriam Adelson, AIPAC, Brian Shankman, Howard Kohr, Susan Levin-Abir, and Walid Shoebat.  *See* Dkt. 51 at 62 n.33.

[3] In their briefing, the plaintiffs state that they intend to sue Cuomo in his official capacity.  *See* Pls.' Opp'n at 4, Dkt. 53.  As a result, D.C.'s service of process rules as to individuals do not apply.

was "delivered to an officer, managing or general agent, or other agent authorized to receive service"); *Anderson v. Gates*, 20 F. Supp. 3d 114, 122–23 (D.D.C. 2013) (explaining that the plaintiff failed to properly effect service when he did not submit "any proof that defendants signed for or otherwise received the mailings or that any recipients of the mailings were authorized to accept service on behalf of the defendants in their individual capacities").[4]

Though the plaintiffs have failed to prove effective service, the Court will extend the time for the plaintiffs file proof of service by thirty days. The Court will not grant any further extensions. *See Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 357 (D.D.C. 2020).

Accordingly, it is

**ORDERED** that the plaintiffs' complaint is dismissed without prejudice. It is further

**ORDERED** that the plaintiffs shall file, on or before April 2, 2021, an amended complaint that complies with the Federal Rules of Civil Procedure. It is further

**ORDERED** that the plaintiffs shall file, on or before April 2, 2021, proof of service for each of the defendants.

**SO ORDERED.**

March 3, 2021

*Dabney L. Friedrich*
DABNEY L. FRIEDRICH
United States District Judge

---

[4] The plaintiffs do not contend that they properly effectuated service of process as authorized by Florida, Nevada, or Texas law. *See generally* Dkt. 56. Instead, they contend that the Court should consider service of process "on a very practical basis," *id.* at 29, excusing failure to establish effective service because the defendants received actual notice, *id.* at 30. But "actual notice of a lawsuit is insufficient to constitute waiver and establish personal jurisdiction," *Teamsters Local 639 Emps., Health Tr. v. Hileman*, 988 F. Supp. 2d 18, 24 (D.D.C. 2013), because "courts lack the power to assert personal jurisdiction over a defendant unless the procedural requirements of effective service of process are satisfied," *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012). And a court must have personal jurisdiction before it can address the merits of a claim. *See Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 510 (D.C. Cir. 2018); *Lemma*, 318 F. Supp. 3d at 24–25.