IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERSONAL REPRESENTATIVE OF THE DAWABSHEH FAMILY *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MIRIAM ADELSON *et al.*, <br><br> Defendants. | Case No. 20-cv-555 (DLF) |

MOTION OF DEFENDANTS MIRIAM ADELSON, AIPAC, BRIAN SHANKMAN,
HOWARD KOHR, DOV HIKIND, SUSAN LEVIN-ABIR,
AND WALID SHOEBAT FOR STATUS CONFERENCE

Defendants Miriam Adelson, AIPAC, Brian Shankman, Howard Kohr, Dov Hikind, Susan Levin-Abir, and Walid Shoebat (collectively, "Defendants") respectfully move this Court to schedule a status conference to address issues relating to (1) Plaintiffs' failure to serve their Amended Complaint on Defendants, and (2) Plaintiffs' failure to comply with the Court's Order directing them to file proof of service on the docket. In support of their motion, Defendants state the following:

In its March 3, 2021 Order dismissing Plaintiffs' Complaint, the Court held that service on certain Defendants was insufficient and ordered Plaintiffs to file, "on or before April 2, 2021, an amended complaint that complies with the Federal Rules of Civil Procedure" and "proof of service for each of the defendants." Dkt. No. 62. The Court noted that no further extensions would be granted. *See id.* While Plaintiffs did file an Amended Complaint on April 2, they failed to effect service of process on any Defendant, nor did they file proof of service for each Defendant, as required. Instead, Plaintiffs seemingly relied on a so-called "Certificate of Service" appended to

their Amended Complaint stating that "service" was made through the CM/ECF system. *See* Dkt. No. 63 at 56. That kind of delivery is inadequate, however, because (1) Plaintiffs still have not served the jurisdiction-bestowing summons and either the original Complaint or the Amended Complaint on most of the Defendants, and (2) the Certificate does not constitute "proof of service for each of the defendants," as the Court ordered.

In light of these failures, Defendants seek the Court's guidance regarding how to proceed. Defendants believe that the Amended Complaint remains riddled with the same fatal flaws identified in their initial motion to dismiss. *See generally* Dkt. Nos. 51, 63. However, because Plaintiffs have failed to effect service, it is Defendants' position that the clock for responding to the Amended Complaint has not yet started. To avoid the work and expense involved in preparing a motion to dismiss that may be unnecessary, given Plaintiffs' non-compliance with the Court's Order, Defendants respectfully request guidance from the Court.

If the Court believes that it is necessary for Defendants to prepare a comprehensive motion to dismiss now, Defendants respectfully request that the Court extend the deadline to respond for 45 days. Because the Amended Complaint runs over 50 pages, there are multiple grounds for dismissal, and Defendants will endeavor to coordinate a single brief in support of any motion to dismiss, additional time to prepare that motion is needed. If the Court would prefer to first entertain a motion to dismiss on the limited ground of lack of service, to the extent such a motion is even necessary given the March 3, 2021 Order, such a stand-alone motion could be filed in a much shorter time.

Plaintiffs oppose the requested relief at this time.

Dated: April 9, 2021          Respectfully submitted,

                                           By: */s/ Mark D. Harris*
                                           Mark D. Harris (Bar No. 445900)

PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
mharris@proskauer.com

Jennifer E. Tarr (D.D.C. Bar No. IL0028)
PROSKAUER ROSE LLP
1001 Pennsylvania Ave. NW  Ste. 600 South
Washington, DC 20004-2533
Tel: (202) 416-6846
Fax: (202) 416-6899
jtarr@proskauer.com

*Counsel for Susan Levin-Abir*

By: */s/ Barry G. Felder*
*/Signature with Permission*
Barry G. Felder (Bar No. 307736)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 338-3540
bgfelder@foley.com

Michael J. Tuteur (D.D.C. Bar No. D00202)
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2500
Boston, Massachusetts 02199
Tel: (617) 342-4016
Fax: (617) 342-4001
mtuteur@foley.com

*Counsel for Miriam Adelson*

By: */s/ Rachel Hirsch*
*/Signature with Permission*
Rachel Hirsch (Bar No. 991122)
AIPAC
251 H Street, NW
Washington, D.C. 20001
Tel: (202) 639-5248
Fax: (202) 638-6349
rhirsch@aipac.org

Philip Friedman (Bar No. 421854)
FRIEDMAN LAW OFFICES PLLC

3

2001 L Street NW, Suite 400
Washington, DC 20036
Tel: (202) 293-4175
Fax: (202) 381-0395
psf@consumerlawhelp.com

*Counsel for AIPAC, Howard Kohr, and Brian Shankman*

By: /s/ *Stuart J. Roth*
/*Signature with Permission*
Stuart J. Roth (Bar No. 475937)
Mark Goldfeder (D.D.C. Bar No. NY0273)
Benjamin Sisney (Bar No. 1044721)
THE AMERICAN CENTER FOR LAW AND JUSTICE
201 Maryland Avenue, N.E.
Washington, D.C. 20002
Tel: (202) 546-8890
Fax: (202) 546-9309
goldfed@gmail.com
bsisney@aclj.org

*Counsel for Dov Hikind*


By: /s/ *Robert J. Tolchin*
/*Signature with Permission*
Robert J. Tolchin (Bar No. NY0088)
THE BERKMAN LAW OFFICE, LLC
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
Tel: (718)855-3627
Fax: (718) 504-4943
rtolchin@berkmanlaw.com

Oleg Rivkin, Esq. (D.D.C. Bar No. NY236)
RIVKIN LAW GROUP PLLC
800 Third Avenue, Suite 2800
New York, New York 10022
Tel: (212) 231-9776
or@rivkinlawgroup.com

*Counsel for Walid Shoebat*