UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PERSONAL REPRESENTATIVE
OF THE DAWABSHEH FAMILY, *et al.*,

    *Plaintiffs*,

    v.

MIRIAM ADELSON, *et al.*,

    *Defendants.*

No. 20-cv-555 (DLF)

## ORDER

    Before the Court is the plaintiffs' Motion for Judicial Assistance, Dkt. 64, and the defendants' Motion for a Status Conference, Dkt. 66. For the reasons that follow, the Court will deny both motions. The Court will also dismiss the plaintiffs' claims against the defendants who have not been properly served in this case.

    The plaintiffs filed their complaint in this case on February 25, 2020 against nineteen defendants. Dkt. 1. On April 28, 2020, the Court noted that, "the public docket reflects that the plaintiff has not filed proof of service on the defendants." Minute Order of April 28, 2020. The Court "direct[ed] the plaintiff's attention to Federal Rule of Civil Procedure 4(m), which provides in pertinent part that if a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* The plaintiffs were given a deadline of May 25, 2020 to either cause process to be served upon the defendants or to establish good cause for the failure to do so. *Id.*

On May 26, 2020, the plaintiffs filed a status report asserting that they had served all of the domestic defendants but failed to file proof of service on the public docket. Minute Order of July 6, 2020. On June 5, 2020, the Court again ordered the plaintiffs to file proof of service for the domestic defendants, this time on or before June 12, 2020. Minute Order of June 5, 2020. By June 12, 2020, the plaintiffs had filed proof of service on the public docket for all but four domestic defendants: Andrew Cuomo, Rudolph Giuliani, Dov Hikind, and Michael Huckabee. Minute Order of July 6, 2020. The Court then granted the plaintiffs another extension, requiring them to serve the remaining four domestic defendants on or before June 19, 2020. *Id.* The plaintiffs then filed another motion for extension of time to serve the four defendants. Dkt. 32. The Court granted that motion in part and ordered the plaintiffs to serve those four defendants on or before July 3, 2020. Minute Order of June 24, 2020. The plaintiffs failed to file any proof of service or good cause for failing to serve defendants Rudolph Giuliani or Michael Huckabee, so the Court dismissed those defendants. Minute Order of July 6, 2020.

On January 19, 2021, the Court noted that "the public docket reflects that the plaintiffs have yet to file proof of service on three defendants: Dov Weissglas, Gustaf Cardelius, and Benjamin Netanyahu." Minute Order of January 19, 2021. The plaintiffs were ordered to file proof of service or establish good cause for the failure to do so by February 2, 2021. *Id.* The Court warned that the "failure to make such filings will result in dismissal of these defendants." *Id.* On March 3, 2021, the Court noted that "the public docket reflects that the plaintiffs have yet to file proof of service on the three [unserved] defendants." Minute Order of March 3, 2021. The plaintiffs claimed that Swedish authorities were in the process of serving defendant Cardelius. *See* Resp. to Order of the Court, Dkt. 61. The Court thus further extended the deadline to effect service on defendant Cardelius. Minute Order of March 3, 2021. The

plaintiffs also claimed that they complied with their service obligations by sending documents to Israel for defendants Netanyahu and Weisglass,[1] notwithstanding that Israeli authorities responded that "compliance with the execution of the service request in this matter would infringe upon the sovereignty or security of the state of Israel . . . . Consequently, the enclosed documents have not been served upon the designated addresses and are being returned to you at this time."  Resp. to Order of the Court at 2.

Upon receipt of the plaintiffs' explanation, the Court admonished that "[t]he plaintiffs are not excused from their obligation to serve the defendants as required by Federal Rule of Civil Procedure 4(f) simply because Israel's Directorate of Courts has exercised its right under Article 13 of the Hague Convention to refuse to serve the defendants on the plaintiffs' behalf.  In that event, the plaintiffs must serve the Israeli defendants by an alternative means permitted by Israeli law."  Minute Order of March 3, 2021 (citations omitted).  The Court further warned that "[a]lthough the deadline for serving process within 90 days does not apply to service in a foreign country, that does not mean there is no time limit for service," *Id.* (citing *Ofisi v. BNP* Paribas, S.A., 278 F. Supp. 3d 84, 92 n.1 (D.D.C. 2017)), and that "failure to diligently attempt service will result in dismissal."  *Id.* (citing *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 775–78 (D.C. Cir. 2012) (explaining that a "lengthy period of inactivity" warrants dismissal)).  The Court provided a final extension of time up to April 2, 2021, for the plaintiffs to either file proof of service or establish good cause for their failure to do so.  Minute Order of March 3, 2021.

Also on March 3, 2021, the Court published an Order dismissing the plaintiffs' complaint without prejudice for failure to comply with Rule 8 and Rule 4.  Dkt. 62.  The Court explained

---

[1] The plaintiffs have since removed Netanyahu and Weisglass as defendants in this case.  *See* Am. Compl., Dkt. 63.

that "at the very least, the plaintiffs have failed to prove effective service as to Cuomo and six of the private defendants," *id.* at 5 & n.2, "Miriam Adelson, AIPAC, Brian Shankman, Howard Kohr, Susan Levin-Abir, and Walid Shoebat." *Id.* The Court explained in detail how the plaintiffs' efforts thus far failed to comply with service of process requirements.[2] *Id.* at 5–6. And the Court concluded that "[t]hough the plaintiffs have failed to prove effective service, the Court will extend the time for the plaintiffs [to] file proof of service by thirty days. The Court will not grant any further extensions." *Id.* at 6.

Again, the plaintiffs failed to comply with the Court's orders, despite several extensions spanning the course of a year. The plaintiffs did not file proof of service or establish good cause for the failure to do so by April 2, 2021, as ordered, either for the three international defendants who were never served or the other defendants who were served improperly. Instead, the plaintiffs filed an amended complaint, Dkt. 63, which, in a footnote, stated that the "Plaintiffs respectfully ask the Court for leave to serve the Defendants according to F. R.C. P. 4." Am. Compl. at 3 n.1. In the Certificate of Service of the amended complaint, meanwhile, plaintiffs' counsel certified "that service of the foregoing and proposed order has been made through the Court's electronic transmission facilities on the 2ND OF April 2021." *Id.* at 56. In other words, the complaint was delivered only in the form of the Court's electronic filing system—not through the proper channels of service of process. *Id.* The plaintiffs blamed "the impossibility of serving a complaint at the same time it is filed," Mot. for Judicial Assistance, and complained

---

[2] For example, "[t]he plaintiffs did not mail copies of the summons and complaint to the defendants' home addresses, but instead mailed them to AIPAC's corporate headquarters, a convention center in Las Vegas, a synagogue in Florida, and an unidentified address in San Antonio." Order of March 3, 2021. Instead, the plaintiffs encouraged the Court to consider service of process "on a very practical basis," *id.* at 6 n.4.

that the "Defendants have refused to waive service of process." *Id.*  The plaintiffs made no attempt to show good cause why the domestic defendants could not be properly served. *Id.*

Instead, the plaintiffs filed an untimely "Motion for Judicial Assistance," asking for the Court "to assist them in moving the case forward." *Id.*  For one, the motion was untimely, as the plaintiffs' deadline was April 2, 2021, and the plaintiffs filed this motion on April 9, 2021.  For another, as the plaintiffs are represented by counsel, it is not the Court's duty to ensure that the plaintiffs comply with their service obligations under the Federal Rules.  Rather, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1).  And the plaintiffs have been unable or unwilling to comply with their obligations to serve defendants in this action.  "The law is clear that district courts have inherent power to dismiss a case sua sponte for a plaintiff's failure to prosecute or otherwise comply with a court order." *Angellino*, 688 F.3d at 775 (cleaned up).  Given the several extensions provided by the Court thus far, as well as the fact that the plaintiffs have had over a year's time to properly serve the defendants, this failure is inexcusable.  Although the Court will permit the plaintiffs additional time to serve the single remaining international defendant, no additional allowances are warranted for the service of the domestic defendants.  "A lengthy period of inactivity may justify dismissal particularly if the plaintiff has been previously warned that he must act with more diligence, or if he has failed to obey the rules or court orders, or if he has no excuse for the delay, or if there are other factors aggravating the inaction." *Id.* at 776 (cleaned up).  Such is the case here.

Accordingly, it is **ORDERED** that the plaintiffs' [64] Motion for Judicial Assistance is **DENIED**.

It is further **ORDERED** that the defendants' [66] Motion for a Status Conference is **DENIED AS MOOT.**

It is further **ORDERED** that the plaintiffs' claims against defendants Miriam Adelson, AIPAC, Brian Shankman, Howard Kohr, Susan Levin-Abir, and Walid Shoebat are **DISMISSED**.

*[signature: Dabney L. Friedrich]*

_____
DABNEY L. FRIEDRICH
United States District Judge

April 23, 2021