IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PERSONAL REPRESENTATIVE OF THE DAWABSHEH FAMILY,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **MIRIAM ADELSON,** *et al.*, <br><br> **Defendants.** | Civil Action No. 1:20-cv-555 (DLF) |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DANIEL GILBERT'S MOTION TO DISMISS
FOR INSUFFICIENT SERVICE OF PROCESS AND
LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

                                                                                                 **Page**

TABLE OF AUTHORITIES ............................................................................................................ ii
INTRODUCTION .......................................................................................................................... 1
ARGUMENT .................................................................................................................................. 3
I.     THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF SERVICE ............................................................................................................................ 3
II.    THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION ......................................................................................... 7
        A.    There Is No Basis for General Jurisidction ................................................................. 8
        B.    There Is No Basis for Specific Jurisdiction ................................................................ 8
CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Anderson v. Gates*,
  20 F. Supp. 3d 114 (D.D.C. 2013) ................................................................................................7

*Atlantigas Corp. v. Nisource, Inc.*,
  290 F. Supp. 2d 34 (D.D.C. 2003) .............................................................................................8, 9

*Bolden v. City of Topeka*,
  441 F.3d 1129 (10th Cir. 2006) .....................................................................................................3

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) .......................................................................................................................9

*Collingsworth v. Drummond Co.*,
  2020 WL 2800612 (D.D.C. May 29, 2020) ................................................................................10

*Colston v. First Guarantee Commercial Mortg. Corp.*,
  665 F. Supp. 2d 5 (D.D.C. 2009) ...................................................................................................7

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) .......................................................................................................................8

*Duarte v. Nolan*,
  190 F. Supp. 3d 8 (D.D.C. 2016) ...................................................................................................8

*Eggink v. Trump*,
  257 F. Supp. 3d 27 (D.D.C. 2017) .................................................................................................8

*Est. of Manook v. Rsch. Triangle Inst., Int'l & Unity Res. Grp., L.L.C.*,
  693 F. Supp. 2d 4 (D.D.C. 2010) ...................................................................................................9

*FC Inv. Grp. LC v. IFX Mkts., Ltd.*,
  529 F.3d 1087 (D.C. Cir. 2008) ...................................................................................................10

*First Chi. Int'l v. United Exch. Co.*,
  836 F.2d 1375 (D.C. Cir. 1988) .....................................................................................................8

*GTE New Media Servs., Inc. v. BellSouth Corp.*,
  199 F.3d 1343 (D.C. Cir. 2000) .....................................................................................................9

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) .......................................................................................................................9

*Klayman v. Obama*,
  125 F. Supp. 3d 67 (D.D.C. 2015) .................................................................................................4

*Lee v. Airgas Mid-South, Inc.*,
  793 F.3d 894 (8th Cir. 2015) .........................................................................................................3

*Light v. Wolf*,
  816 F.2d 746 (D.C. Cir. 1987) .......................................................................................................4

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Lutfi v. United States*,
  2018 WL 8299875 (D.D.C. Nov. 24, 2018) ...................................................................3

*Mann v. Castiel*,
  681 F.3d 368 (D.C. Cir. 2012) ......................................................................................4

*Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*,
  484 U.S. 97 (1987) ........................................................................................................3

*Reshard v. Stevenson*,
  801 F. App'x 790 (D.C. Cir. 2020) ................................................................................6

*Taylor v. Howard Univ.*,
  200 F. Supp. 3d 196 (D.D.C. 2016) ...............................................................................3

*Thompson Hine, LLP v. Taieb*,
  734 F.3d 1187 (D.C. Cir. 2013) .....................................................................................9

*Triple Up Ltd. v. Youku Tudou Inc.*,
  235 F. Supp. 3d 15 (D.D.C. 2017) .................................................................................9

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) ......................................................................................................9

**STATUTES**

D.C. Code § 13-422 .................................................................................................................8
D.C. Code § 13-423 .............................................................................................................8, 9

**OTHER AUTHORITIES**

D.C. Super. Ct. R. 4 ............................................................................................................3, 4
Fed. R. Civ. P. 4 ...........................................................................................................3, 4, 6, 8
Fed. R. Civ. P. 12 .......................................................................................................2, 7, 8, 10

4B Charles Alan Wright & Arthur R. Miller,
  *Federal Practice and Procedure* § 1137 (4th ed. 2021) .................................................3

## INTRODUCTION

Plaintiffs filed this suit in February 2020 asserting far-flung claims against a host of defendants scattered all around the world. Among the named defendants is Daniel Gilbert ("Gilbert"), a businessman who lives in the Detroit, Michigan, metropolitan area. Although Plaintiffs never served Gilbert with the Complaint, he recently learned that they filed an entry on this Court's docket in June 2020 purporting to be a "Return of Service/Affidavit" falsely indicating that they did serve him. (ECF 16.) As even a cursory examination of that docket entry reveals, however, the documents filed do not contain any proof of service for Gilbert, and the relevant "affidavit" does not even mention him. Instead, the affidavit names a group of *other* defendants who were purportedly served. *Id*. Likewise, the "Return of Service" is nothing more than a USPS Tracking Report showing that some unidentified person sent some unidentified package to some unidentified post office in Cleveland, Ohio, where it was "[a]vailable for [p]ickup" as of June 8, 2020. *Id*. None of this has anything to do with Gilbert. Indeed, it essentially concedes that Gilbert has never been properly served.

This Court recently entered two orders granting a motion to dismiss filed by a group of other defendants due to Plaintiffs' failure to properly serve them. In the first order, on March 3, 2021, the Court noted that, "at the very least, the plaintiffs have failed to prove effective service as to [New York Governor Andrew Cuomo] and six of the private defendants." (ECF 62 at 5.) The Court explained in detail how Plaintiffs' attempts at service were inadequate, and dismissed the Complaint without prejudice but "extend[ed] the time for the plaintiffs [to] file proof of service by thirty days." *Id*. at 5-6. The Court stated that it would "not grant any further extensions," and ordered "that the plaintiffs shall file, on or before April 2, 2021, proof of service for each of the defendants." *Id*. Plaintiffs then filed an Amended Complaint on April 2, but they again failed to provide proof of service for any of the defendants.

1

In the second order, entered on April 23, 2021, the Court noted that Plaintiffs had "failed to comply with the Court's orders." (ECF 70 at 4.) Among other things, Plaintiffs "did not file proof of service or establish good cause for the failure to do so by April 2, 2021, as ordered." *Id*. Moreover, the Court explained, since Plaintiffs "are represented by counsel, it is not the Court's duty to ensure that [they] comply with their service obligations under the Federal Rules." *Id*. at 5. Rather, because the Rules obligate Plaintiffs to provide proper service, and because they "have been unable or unwilling to comply with" that obligation, the Court ruled that "no additional allowances are warranted for the service of the domestic defendants." *Id*. The Court thus granted the named defendants' motion to dismiss. The Court also noted that Plaintiffs had filed purported proof of service for some of the other Defendants, including Gilbert. *Id*.

Now that Gilbert has become aware of Plaintiffs' filing of a purported proof of service for him, he likewise moves to dismiss for lack of service under Rule 12(b)(5). As noted above, the supposed proof of service is not evidence of any service at all. It does not even show that Plaintiffs *tried* to serve Gilbert, much less that they did so in the proper manner. And especially after this Court repeatedly put Plaintiffs on notice of the need to ensure proper service for all Defendants, their failure to do so is inexcusable. The deadline expired over a year ago, and they have not only failed to make any good-faith effort to serve Gilbert, but have also failed to seek a timely good-cause extension. There is no reason why those failures should be excused.

In addition to the lack of service, Plaintiffs' Amended Complaint against Gilbert also must be dismissed because it fails to allege any facts that would support personal jurisdiction. Gilbert does not reside in the District of Columbia and has no suit-related contacts to the District, nor do Plaintiffs allege any in the operative Complaint. Accordingly, even if Gilbert had been properly served, he must be dismissed for lack of personal jurisdiction under Rule 12(b)(2).

**ARGUMENT**

Under the Federal Rules of Civil Procedure and the Due Process Clause, a suit cannot be maintained against a defendant unless he has been properly served and he falls within the constituitonal bounds of the court's personal jurisdiction. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). These concepts are related, as no court can exercise personal jurisdiction over a defendant who has not been properly served. *See id.*; Fed. R. Civ. P. 4(k). Here, the Amended Complaint against Gilbert must be dismissed for both reasons. Plaintiffs failed to serve him, and even if they had done so, they do not allege any facts that would allow the Court to exercise personal jurisdiction over him.

**I.      THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF SERVICE**

Under Rule 4, Plaintiffs must accomplish service on each defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). "Filing an amended complaint does not toll the Rule 4(m) service period." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (4th ed. 2021); *see also Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 898 (8th Cir. 2015); *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006); *Lutfi v. United States*, 2018 WL 8299875, at *2 n.2 (D.D.C. Nov. 24, 2018). Thus, if Plaintiffs fail to accomplish service within 90 days of the filing of the original Complaint, dismissal of the action is appropriate. *See Taylor v. Howard Univ.*, 200 F. Supp. 3d 196, 203 (D.D.C. 2016).

The Federal Rules and D.C. law allow service by certified or registered mail, return receipt requested. *See* Fed. R. Civ. P. 4(e); D.C. Super. Ct. R. 4(c). To serve an individual defendant by mail, however, a plaintiff must prove either that the defendant signed the return receipt personally, or that it was signed by someone else who "meets the appropriate qualifications," which must be either an "agent" authorized to accept service, or a person "of

3

suitable age and discretion" who resides at the defendant's home. D.C. Super. Ct. R. 4(*l*)(1)(B), 4(e).

Plaintiffs bear the burden of showing proper service within 90 days or good cause for an extension. *Klayman v. Obama*, 125 F. Supp. 3d 67, 77 (D.D.C. 2015) (citing *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)). Good cause exists only when external factors prevent proper service or when a statute of limitations would bar the refiling of the claims. *Id*. By contrast, "circumstances such as negligence, attorney mistake, ignorance of the rules governing service, or evidence of a plaintiff's 'inadvertence, oversight, or neglect' do not establish the requisite good cause." *Id*. (quoting *Mann v. Castiel*, 681 F.3d 368, 376 (D.C. Cir. 2012)).

Here, as detailed below, Plaintiffs failed to timely serve Gilbert, and they have no good cause for that failure. They filed suit on February 25, 2020. (ECF 1.) The service deadline under Rule 4 was thus May 25, 2020. It is now over one year later, and Plaintiffs still have not served Gilbert.

On April 28, 2020, this Court entered a minute order warning Plaintiffs about the deadline. The order noted that Plaintiffs had not yet filed proof of service. It also stated that "plaintiff[s] must, on or before May 25, 2020, either cause process to be served upon the defendants and proof of service to be filed with the Court or establish good cause for the failure to do so. The failure to make such filings will result in dismissal of this case." Plaintiffs failed to meet that deadline. Instead, on May 26, they filed a status report in which they falsely asserted that "sixteen Defendants have been served," including "Daniel Gilbert." (ECF 8.)

In response to that status report, the Court issued another minute order on June 5, 2020. The order noted that while Plaintiffs "purport[ed] to have served 16 of the defendants" before the May 25, 2020, deadline, they had "not yet filed proof of service with the Court." The Court thus

ordered that Plaintiffs "shall, on or before June 12, 2020, file proof of service on the docket for the 16 domestic defendants." But while the Court extended the deadline for filing *proof* of service, it did not alter its April 28, 2020, order requiring service *itself* by May 25, 2020.

On June 12, 2020, Plaintiffs filed a "Return of Service/Affidavit" for "Daniel Gilbert." (ECF 16.) This docket entry, however, confirms that Gilbert was not served at all.

First, while the "Affidavit" names a number of Defendants whom Plaintiffs purportedly served by mail, it does not mention Gilbert. (ECF 16-1.) Thus, by conspicuously excluding Gilbert from the list of Defendants who were served, the Affidavit confirms that he was not.

Second, the "Return of Service" also does not contain any evidence that Gilbert was served. It does not contain any return receipt at all. Instead, it is nothing more than a computer printout of a USPS Tracking Report, which shows that an unidentified person sent an unidentified package that was first received at a "USPS Regional Facility" in Charleston, South Carolina, on May 27 at 9:06 p.m. (ECF 16 at 3.) The Tracking Report does not specify what the package was or to whom it was addressed. It simply reflects that the unidentified package finally arrived at a "post office" in Cleveland, Ohio, where it was "ready for pickup" on the morning of June 8, 2020. *Id*. at 1. The proof of service does not even show that Plaintiffs *attempted* to mail Gilbert a copy of the summons and the Complaint at all, let alone at an address where Gilbert resides in Michigan. On top of that, the proof of service also does not show that it was received by Gilbert or someone authorized to accept service for him, as this Court has recognized would be required to prove service by mail (ECF 62 at 5-6).

Third, the USPS Tracking Report does not show that any attempted service was timely. Under Rule 4 and this Court's order of April 28, 2020, Plaintiffs were required to "cause process to be served upon the defendants . . . or establish good cause for the failure to do so" by "May

5

25, 2020." But the Tracking Report does not show that the mailing was sent by May 25, 2020. It shows that a package was first received at a USPS facility after 9 p.m. on Wednesday, May 27, 2020 (ECF 16 at 3), which is not even a location in which Gilbert resides or works.

In sum, Plaintiffs did not serve Gilbert within the 90-day deadline imposed by Rule 4 and this Court's order of April 28, 2020. Not only that, but the supposed proof of service that they filed for Gilbert on June 12, 2020 (ECF 16) was so obviously deficient that Plaintiffs could not have had any good-faith belief that it was proper. Rather, the filing appears to have been designed to evade the service deadline. Such gamesmanship should not be rewarded.

Plaintiffs cannot show good cause for their failure to properly serve Gilbert, and the Court should not extend their time to do so. For one thing, they failed to make any timely argument regarding good cause. Under this Court's minute order of April 28, 2020, Plaintiffs were required to complete service or else make any good-cause argument "on or before May 25, 2020." But they not only failed to seek an extension based on good cause before the deadline, they have continuously failed to do so for more than an entire year since. That lack of timeliness alone should preclude them from making any good-cause argument now. *See Reshard v. Stevenson*, 801 F. App'x 790, 792 (D.C. Cir. 2020) (unpublished) (holding that failure to seek an extension of time to complete service may be "construed as an absence of good cause").

Plaintiffs' failure to request an extension or make any new attempt at service is especially inexcusable after this Court's order of March 3, 2021 (ECF 62). In that order, the Court explained why Plaintiffs' previous attempts at service by mail were inadequate, and it set forth exactly what Plaintiffs were required to do in order to prove valid service. *Id*. at 5-6. As the Court explained, proof of service by mail on a private individual requires a showing

6

that the summons and complaint were actually received by the defendant, or by a person validly authorized to accept service on the defendant's behalf. *Id*. But despite that explantion, and despite Plaintiffs' obvious failure to effectuate any such service on Gilbert, Plaintiffs never made any further attempts to serve him at all (and never sought an extension for good cause).

Granting dismissal here would be well in keeping with this Court's precedents. For example, in *Colston v. First Guarantee Commercial Mortgage Corp.*, 665 F. Supp. 2d 5, 8 (D.D.C. 2009), plaintiff requested an extension of time after unsuccessfully attempting to serve the defendant by certified mail, claiming that she did not expect the defendant to contest service. The court dismissed the action, noting that plaintiff was represented by counsel, defendant was not evading service, and the responsibility for failure to effect service lay "squarely with counsel for the [p]laintiff." *Id.* at 9-10; *see also Anderson v. Gates*, 20 F. Supp. 3d 114, 122 (D.D.C. 2013) (declining to extend plaintiff's time where sole effort at service had been a certified mailing to defendant's business address, and he "did not attempt to perfect service on defendant[] by [any] other means").

In sum, Plaintiffs have not only failed to timely serve Gilbert, but they have acted in bad faith by filing an obviously defective proof of service (ECF 16) that they could not have reasonably believed showed that they satisfied their service obligations. Plaintiffs have no good cause for their failure, nor did they make any timely request for a good-cause extension. The Court should thus grant Gilbert's motion to dismiss under Rule 12(b)(5).

## II. THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

Even if Plaintiffs had properly served Gilbert, dismissal would still be required because this Court does not have personal jurisdiction over him. Plaintiffs bear the burden of showing personal jurisdiction, which requires them to "make a prima facie showing of the

7

pertinent jurisdictional facts." *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988). In particular, the complaint "must allege specific acts connecting [each] defendant with the forum." *Id*. They "cannot rely on conclusory allegations." *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003).

Personal jurisdiction can be general or specific. *Eggink v. Trump*, 257 F. Supp. 3d 27, 29 (D.D.C. 2017). Here, however, the Amended Complaint fails to allege any facts that would establish either type of jurisdiction over Gilbert. The claims against him should accordingly be dismissed in their entirety under Rule 12(b)(2).

### A.   There Is No Basis for General Jurisidction

For this Court to have general jurisdiction, a defendant must be domiciled in or maintain his principal place of business in the District, D.C. Code § 13-422, and have contacts with the District that "are so constant and pervasive as to render [him] essentially at home" in this jurisdiction. *Duarte v. Nolan*, 190 F. Supp. 3d 8, 12 (D.D.C. 2016) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). Here, the Amended Complaint fails to allege any facts that would satisfy these requirements. It alleges (falsely) that Gilbert is domiciled in Cleveland, Ohio. (ECF 63, ¶ 27.) In fact he is domiciled in Michigan, in the greater Detroit area. But regardless, even taking the Complaint's false allegation of Ohio domicile as true, Plaintiffs still have failed to show that he is in any sense "at home" in the District.

### B.   There Is No Basis for Specific Jurisdiction

Without general jurisdiction, a federal court may exercise specific jurisdiction over a defendant if he is "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). D.C.'s long-arm statute (D.C. Code § 13-423) authorizes specific jurisdiction "over a person, who acts directly or by an agent, as to a

claim for relief arising from the person's . . . transacting any business in the District of Columbia." D.C. Code § 13-423(a)(1). This requires that the plaintiff's claims "bear some relationship" to the defendant's acts in the forum. *Est. of Manook v. Rsch. Triangle Inst., Int'l & Unity Res. Grp., L.L.C.*, 693 F. Supp. 2d 4, 13 (D.D.C. 2010).

Even if the D.C. long-arm statute is satisfied, this Court must also analyze whether the exercise of personal jurisdiction comports with the Due Process Clause. *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). This requires a showing that "there are 'minimum contacts' between the defendant and the forum 'such that he should reasonably anticipate being haled into court'" in the forum. *Thompson Hine, LLP v. Taieb*, 734 F.3d 1187, 1189 (D.C. Cir. 2013) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Constitutionally sufficient contacts exist only where a defendant "has engaged in significant activities within a State or has created 'continuing obligations' between himself and residents of the forum." *Id.* at 1190 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985)). These limits ensure that the maintenance of a particular suit "does not offend traditional notions of fair play and substantial justice." *GTE New Media Servs.*, 199 F.3d at 1347 (quoting *Int'l Shoe Co.*, 326 U.S. at 316).

Here, Plaintiffs have failed to allege any facts showing that Gilbert has any minimum contacts with the District, or that their claims arise from any specific business that he transacted in this jurisdiction. Instead, the Amended Complaint alleges in vague and conclusory terms that Defendants generally attended meetings in the District at unspecified times. (ECF 63, ¶ 4(e).) But such conclusory statements are insufficient. *Atlantigas Corp*, 290 F. Supp. 2d at 42; *Triple Up Ltd. v. Youku Tudou Inc.*, 235 F. Supp. 3d 15, 20 (D.D.C. 2017). Moreover, to the extent the

9

Complaint purports to rely on a conspiracy theory of personal jurisdiction (ECF 63, ¶ 4(d)), the allegations "fall short of the requirement that the plaintiff plead with particularity the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy." *FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1098 (D.C. Cir. 2008); *see also Collingsworth v. Drummond Co.*, 2020 WL 2800612, at *11 (D.D.C. May 29, 2020).

In short, Plaintiffs have not alleged any viable basis for personal jurisdiction. Thus, even if Gilbert had been properly served, the Amended Complaint must be dismissed under Rule 12(b)(2).

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Amended Complaint as to Gilbert pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) with prejudice.

Date: June 7, 2021

Respectfully submitted,

JONES DAY

*/s/ Kevyn Orr*
Kevyn Orr (D.C. Bar No. 443074)
Anthony J. Dick (D.C. Bar No. 1015585)
Joseph P. Falvey (D.C. Bar No. 241247)
JONES DAY
51 Louisiana Ave NW
Washington DC 20001-2113
Telephone: (202) 879-7679
Facsimile: (202) 626-1700
korr@jonesday.com
ajdick@jonesday.com
jfalvey@jonesday.com

*Counsel for Defendant Daniel Gilbert*

10

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 7, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

                                                    */s/ Kevyn Orr*
                                                    Kevyn Orr

                                                    *Counsel for Defendant Daniel Gilbert*