UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PERSONAL REPRESENTATIVE OF THE
DAWABSHEH FAMILY, *et al.*,

    *Plaintiffs*,

  v.

MIRIAM ADELSON, *et al.*,

    *Defendants.*

No. 20-cv-555 (DLF)

**ORDER**

    The plaintiffs filed the complaint in this case on February 25, 2020. *See* Compl., Dkt. 1. In a Minute Order dated April 28, 2020, the Court warned the plaintiffs that failure to serve within ninety days of the filing of the complaint would result in dismissal under Fed. R. Civ. P. 4(m). On June 11 and 12, 2020, the plaintiffs filed Returns of Services as to some, but not all, defendants. *See* Dkts. 10–21. On July 9, 2020, summons reissued as to three defendants, Gustaf Cardelius, Benjamin Netanyahu, and Dov Weissglas. *See* Dkt. 39. As of January 19, 2021, the plaintiffs had still not filed proof of service on those three defendants, and the Court by Minute Order required the plaintiffs to file proof of service or show good cause for their failure by February 2. On March 3, the Court found that the plaintiffs had shown good cause as to Gustaf Cardelius but not as to any other defendant, and the Court again required the plaintiffs to establish good cause by April 2, 2021. *See* Minute Order of March 3, 2021.

    The same day, the Court also dismissed the complaint against Andrew Cuomo, Miriam Adelson, AIPAC, Donald Hikind, Howard Kohr, Susan Levin-Abir, Brian Shankman, and Walid Shoebat for failure to meet the pleading standards of Fed. R. Civ. P. 8(a) and explained that the

plaintiffs had failed to comply with the requirements for service of process. *See* Order at 4–6, Dkt. 62. As such, the Court required the plaintiffs to file an amended complaint and proof of service on or before April 2, 2021. *Id.* at 6. The Court also warned the plaintiffs that it would "not grant any further extensions." *Id.*

The plaintiffs partially complied the Court's order by filing a timely amended complaint, *see* Am. Compl., Dkt. 63, but they did not show good cause for their failure to serve Benjamin Netanyahu and Dov Weissglas. Nor did they file proof of service, either before or after the April 2 deadline.

On April 22, 2021, summons reissued as to eleven of the defendants. *See* Dkt. 69. On April 23, 2021, the Court denied the plaintiffs' request for judicial assistance because they did not comply with the Court's orders, and it is not the responsibility of the Court "to ensure that the plaintiffs" who are represented by counsel "comply with their service obligations under the Federal Rules." Order at 5, Dkt. 70. As such, the Court dismissed the plaintiffs' claims against defendants Miriam Adelson, AIPAC, Brian Shankman, Howard Kohr, Susan Levin-Abir, and Walid Shoebat. *Id.* at 5–6. Since then, the plaintiffs have not filed any returns of service, despite the Court's warning that no more extensions would be granted.

Now before the Court is Daniel Gilbert's Motion to Dismiss for Lack of Service of Process and Lack of Personal Jurisdiction, Dkt. 74. Upon review of the purported Return of Service, Dkt. 16, it is clear that the return is facially invalid as to Gilbert. The affiant does not mention Gilbert in her explanation of service to the other defendants, and the U.S. Postal Service tracking shows only that the documents were available for pickup in a Cleveland, Ohio, post office. *Id.* Under no theory is that service of process sufficient, much less under the rules of this Court, which require a signed receipt by the defendant or a person who can accept service on his

behalf.  *See* Fed. R. Civ. P. 4(e); D.C. Super. Ct. R. 4(c), (*l*)(1)(B), 4(e).  The plaintiffs have not met their burden of proving proper service within the ninety days allotted by Fed. R. Civ. P. 4(m), nor have they shown good cause for their failure.  *See Klayman v. Obama*, 125 F. Supp. 3d 67, 77 (D.D.C. 2015).  Furthermore, plaintiffs have not responded to Gilbert's motion to dismiss within the fourteen days established by this Court's Local Rules, *see* LCvR 7(b), nor have they sought an extension.  As such, this Court can treat the motion as conceded.  *Id.*; *see Davis v. Transp. Sec. Admin.*, 264 F. Supp. 3d 6, 9 (D.D.C. 2017).  For both of these reasons, the Court will grant Gilbert's motion to dismiss for lack of service of process under Fed. R. Civ. P. 12(b)(5) and deny as moot his motion under Fed. R. Civ. P. 12(b)(2).

This Court will also dismiss the complaint against all of the remaining defendants for failure to effectuate service of process.  Despite giving the plaintiffs multiple opportunities, they have repeatedly failed to file proof of service or shown good cause for their failure.  And over four months have passed since the Clerk's office reissued summons as to eleven defendants without any action by the plaintiffs.  *See* Dkt. 69.

Accordingly, it is

**ORDERED** that defendant Daniel Gilbert's Motion to Dismiss for Lack of Service of Process, Dkt. 74, is **GRANTED**.  It is further

**ORDERED** that his Motion to Dismiss for Lack of Personal Jurisdiction, Dkt. 74, is **DENIED AS MOOT**.  It is further

**ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(5) for failure to effectuate service of process within the time allowed under Rule 4(m) plus the extensions already granted.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

September 2, 2021

*[signature]*
DABNEY L. FRIEDRICH
United States District Judge